2009 JUL -9 AM 10: 51

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

RANDALL BARNES,

    Plaintiff,

v.

COFFEE COUNTY SHERIFF'S
DEPARTMENT; ROBERT FRANKLIN,
Detective; JOE WHITE, Sheriff;
ANTHONY PERKINS, Deputy, and
Magistrate ANNE MARIE O'STEEN,

    Defendants.

CIVIL ACTION NO.: CV508-021

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report wherein he recommended Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. The Magistrate Judge concluded Plaintiff failed to make any factual allegations against any of the named Defendants.

In his Objections, Plaintiff contends Deputy Anthony Perkins arrested him without probable cause at the behest of Detective Robert Franklin. Plaintiff also contends Sheriff Joe White was derelict in his duties and is guilty of gross misconduct. Plaintiff alleges Judge Anne Marie O'Steen denied him bond without consideration of the facts

AO 72A
(Rev. 8/82)

or law. Plaintiff contends all Defendants are parties to kidnapping, malicious prosecution, false imprisonment, harassment, gross misconduct, and intentional infliction of physical and emotional distress. Plaintiff also contends Detective Franklin is charged with libel and slander based on untrue statements published in a newspaper.

After a review of the record, the undersigned concurs, in part, with the Magistrate Judge's Report and Recommendation. Plaintiff's claims against the Coffee County Sheriff's Department and Sheriff Joe White are **DISMISSED**, as Plaintiff failed to make any factual allegations against these entities which would rise to the level of a constitutional violation. Likewise, Plaintiff's kidnapping, malicious prosecution, harassment, gross misconduct, intentional infliction of physical and emotional distress, libel, and slander claims are **DISMISSED**. The undersigned rejects the remainder of the Magistrate Judge's Report and Recommendation and enters the following as the further Order of the Court.

Plaintiff's claims against Judge O'Steen are **DISMISSED**, as well, but for a different reason than that advanced by the Magistrate Judge. Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under

section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357, 98 S. Ct. at 1105). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to make any allegations which would indicate Judge O'Steen acted in the clear absence of jurisdiction in denying him bond. Accordingly, Plaintiff cannot sustain his claims against Judge O'Steen.

Plaintiff does, however, state colorable claims for relief against Defendants Perkins and Franklin based on his assertions that he was arrested without probable cause. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996). Moreover, when "a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Id. at 1526.

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Perkins and Franklin. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Perkins and Franklin by the United States Marshal without prepayment of cost. If either Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, defendants who timely return the waiver are not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a Defendant.

Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a

unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true

and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 9th day of June, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA